**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **AHMAD BAREKAT** | **CASE NO. 1:26-CV-00410 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SHAD RICE, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

# REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of habeas corpus filed by Ahmad Barekat, through counsel, pursuant to 28 U.S.C. § 2241. Rec. Doc. 1. The Government filed a response on May 11, 2026. Doc. 9. Petitioner filed a reply. Doc. 10. Following a telephone conference with Judge Summerhays, the Respondents filed a Supplemental Response that included an updated declaration from U.S. Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) outlining ongoing efforts to remove Petitioner to a third country. Doc. 14. The matter is ripe for review. For the reasons which follow, **IT IS RECOMMENDED** that this habeas corpus action be **GRANTED**.

## I. FACTUAL BACKGROUND

Petitioner is a 63-year-old native and citizen of Iran. According to the Petition (doc. 1), he has resided in the United States since August 8, 1994. He first entered the United States on August 8, 1994, with a B1/B2 nonimmigrant visitor visa and

has been in this country since that date. On or about February 7, 2003, Petitioner was called in and detained by ICE as a part of the National Security Entry-Exit Registration System ("NSEERS"). *See* Petitioner's Form I-213, Record of Deportable/Inadmissible Alien, doc. 1-3. On information and belief, Petitioner was subsequently granted a bond and released from immigration custody. On February 7, 2003, DHS filed a Notice to Appear with the immigration court, commencing removal proceedings against Petitioner and charging him as removable under section 237(a)(1)(B) of the INA as an alien present in violation of law. *See* Notice to Appear, doc. 1-4. On or about April 22, 2004, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal with the Orlando Immigration Court. On April 23, 2007, that court granted him protection under withholding, finding a greater than 50% chance he would face persecution if returned to Iran. *See* Order of the Immigration Judge granting Withholding of Removal Relief to Petitioner (Apr. 23, 2007), doc. 1-5.

In June 2025, ICE detained Petitioner at his home and took him into custody, where he remains until this day. Petitioner's U.S. citizen daughter filed an expedited I-130 relative petition on his behalf while Petitioner concurrently sought to reopen his immigration court proceedings. Despite the Immigration Judge's denial of the motion as untimely and ICE's refusal to release due to a mandatory detention

classification under a final order of removal, the family continues pursuing relief. *See* doc. 1 and attached exhibits.

Petitioner is currently detained at the Jena/Lassalle Detention Center in Jena, Louisiana. At the time of the filing of the instant petition, Petitioner had been detained under 8 U.S.C. § 1231 for approximately 7 months, 22 days. As of the date of this Report and Recommendation, he has been detained for more than a year.

Respondents argue that Petitioner is likely to be removed in the reasonably foreseeable future, despite the fact that he has "thwarted Federal Respondents' ongoing removal efforts." Doc. 9, p. 1. Specifically, they assert that "Barekat has been non-compliant with these removal efforts. He has refused to sign and confirm service of removal-related documents on five occasions, and ignored his most recent November 16, 2025 interview 'relating to third country removal options and documents by ERO[.]'" Declaration of Assistant Field Office Director Matthew W. Reaves, attached as Exhibit A to the Government's Response, at ¶ 21. However, they represent that ERO began the process of securing approval for a third-country removal shortly after Petitioner's June 22, 2025 detention commenced and continues its ongoing removal efforts. *Id*. at pp. 4-5.

Petitioner filed the instant petition challenging the duration of his detention under 28 U.S.C. § 2241. The Respondents maintain that there is a significant

likelihood of Petitioner's removal in the reasonably foreseeable future and thus, his detention is lawful.

## II. LAW AND ANALYSIS

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the extension and application of that decision by *Clark v. Martinez,* 543 U.S. 371 (2005), to aliens who are inadmissible, the United States Supreme Court adopted a six-month period for which the institutional detention of an alien, found within the United States and ordered removed pursuant to various provisions of Section 237(a) of the Act [8 U.S.C. § 1227(a)], is presumptively reasonable, and concluded that, "* * * once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699. In the words of the Court:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. (Citations omitted). And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period.

*Zadvydas*, 533 U.S. at 699-700.

The Supreme Court clearly indicated that the lapse of the presumptive period does not mandate release and concluded that, "[t]o the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The United States Court of Appeals for the Fifth Circuit has recognized that "[t]he [Supreme] Court's decision creates no specific limits on detention, however, 'as an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future'." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *see also, Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

Thus, in order to state a claim for relief under the *Zadvydas* decision, an alien must: 1) establish post removal order detention in excess of six months at the time of the filing of his or her petition; and 2) establish good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thereafter, "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. To meet his burden under the second prong, an alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, 03-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)). In order to shift the burden

to the Government, an alien must demonstrate that "the circumstances of his status" or the existence of "particular individual barriers to his repatriation" to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. If the alien fails to come forward with an initial offer of proof, the petition is ripe for dismissal. *Akinwale*, 287 F.3d at 1051.

***A. Length of Detention***

An alien's post-removal-period detention under 8 U.S.C. § 1231 is limited to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas v. Davis,* 533 U.S. 678, 689 (2001). The Supreme Court has found that once the removal period begins, six months is a reasonably necessary period to remove the alien. *See id*. at 701. After six months, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Id*.

Both the Petitioner and the Government agree that Mr. Barekat has been in post-removal detention since June 2025, when he was detained at his home. Doc. 1, p. 6; doc. 9, p. 1. Therefore, Petitioner argues that the presumptively reasonable six-month detention period under *Zadvydas* has expired and the analysis shifts to whether Petitioner's removal is foreseeable at present.

### *B. Petitioner's Initial Burden*

The Government argues that Petitioner is not entitled to relief because he fails to show good reason to believe that his removal to a third country is unlikely in the reasonably foreseeable future.

It is undisputed that Petitioner's application for withholding of removal under INA § 241(b)(3) has been granted. When an alien is granted withholding-only relief, they may not be removed to the designated country of removal, until conditions change in that country; the noncitizen still may be removed at any time to another country. INA § 241, 8 U.S.C.A. § 1231. The Government represents that shortly after the time Petitioner was detained in June 2025, ERO began the process of securing approval for a third-country removal but, as evidenced by the Supplemental Declaration of Field Officer Reaves, as of today DHS is "still going through the process of attempting to remove the Petitioner." Doc. 14-1, ¶ 35.

As Petitioner has identified that he is not a citizen of any other country and ICE has not identified a third country that will accept him, the undersigned finds that he has met his initial burden under *Zadvydas*. *See Misirbekov v. Venegas,* No. 25-cv-168, 2025 U.S. Dist. LEXIS 166126, 2025 WL 2450991, at *1-2 (S.D. Tex. Aug. 15, 2025) (finding good reason to believe there was no significant likelihood of removal in the foreseeable future where the petitioner was granted CAT withholding from Kyrgyzstan and had no citizenship or ties to any other country); *see also*

*Leksina v. Rice*, No. 6:25-cv-1767, 2026 U.S. Dist. LEXIS 48728 (W.D. La. Jan. 23, 2026), *report and recommendation adopted*, 2026 WL 642195 (W.D. La. Mar. 6, 2026) (finding that Petitioner met her initial burden by identifying that she is not a citizen of another country and ICE has not identified a third country that will accept her).

***i. Petitioner's Alleged Non-Compliance***

The Government claims that Petitioner has refused to comply with his removal process by allegedly not signing proof of service documents or participating in an interview that Petitioner contends was "thrust upon him in English without the presence of his attorneys." *See* doc. 10, p. 11. The United States Court of Appeals for the Fifth Circuit has held that the removal period may be tolled if an alien intentionally prevents immigration authorities from effecting his removal. *Balogun v. INS*, 9 F.3d 347, 350-51 (5th Cir. 1993); *see also Benn v. BICE*, 82 Fed. Appx. 139 (5th Cir. 2003) (unpublished). "That tolling continues until he cooperates with ICE in effectuating removal or his obstruction no longer prevents it." *Lawal v. Lynch*, 156 F. Supp. 3d 846, 854 (S.D. Tex. 2016); *see also Alfred v. Noem*, 1:25-CV-00425, 2025 U.S. Dist. LEXIS 98964, 2025 WL 1482014, at *1 (W.D. La. Apr. 29, 2025), *report and recommendation adopted as modified*, 2025 U.S. Dist. LEXIS 98222, 2025 WL 1481565 (W.D. La. May 22, 2025) (continued detention was

lawful because petitioner thwarted his removal); *Kharash v. Holder*, 14-CV-0648, 2015 U.S. Dist. LEXIS 25988, 2015 WL 920796, at *4 (W.D. La. Mar. 3, 2015).

Here, the Government alleges that Petitioner has been non-compliant with the removal efforts, specifically contending that he refused to sign a document confirming service of a June 2025 Notice of Revocation of Release, a notice confirming receipt of a I-229(a) Warning for Failure to Depart, an Instruction Sheet Regarding Requirement to Assist in Removal, and Notice to Alien of File Custody Review in August 2025. *See* doc. 14-1. These documents were all served upon Petitioner's counsel. *Id*. Respondents also note that despite being provided with a Notice of Interview for Review of Custody Status on November 16, 2025, Petitioner refused to sign the notice or participate in the interview. *Id*. It is the Government's position that Mr. Barekat cannot contribute to delays in his removal, while simultaneously citing them to justify his release.

The Court finds that Respondents do not contend, nor have they shown, that Petitioner's refusal to sign the documents has prevented ICE from effecting his deportation. The undersigned agrees with Petitioner's assertion that the supposed failure to sign documents in English or participate in an interview without his attorney present are not analogous to the "willful" violations alleged in the cases cited by Respondents, therefore their holdings does not apply here. *Lema v. INS,* 341 F.3d 853, 857, n.9 (9th Cir. 2003) (Petitioner refused to furnish documents for his

application and lied to prevent confirmation of his identity); *Rivera v. Hassell,* No. 15-01497, 2016 WL 4257692, at *4 (N.D. Ala. July 12, 2016), report and recommendation adopted sub nom., 2016 WL 4257052 (N.D. Ala. Aug. 10, 2016) (Petitioner "uncontroverted[ly] failed to comply" and lied about his name and identify); *see also Glushchenko v. U.S. Dep't of Homeland Sec.,* 566 F. Supp. 3d 693, 709-11 (W.D. Tex. 2021) (rejecting a *Zadvydas* claim from a Russian detainee who willfully obstructed the removal process by refusing to sign travel documents during his in-person interview with consular officials).

According to the declaration submitted in support of the Respondent's position, DHS is "still going through the process of attempting to remove the Petitioner" and there is no evidence that Petitioner's actions or inactions have had any effect on the process. Doc. 14-1 at ¶ 35.

***C. Respondents' Burden***

The burden thus shifts to Respondents, *Zadvydas*, 533 U.S. at 701. As mentioned above, the Respondents have represented that removal attempts are ongoing as they continue to await the issuance of travel documents for the Petitioner. Courts in this District have held that the Government's burden to furnish evidence demonstrating that removal is likely in the reasonably foreseeable future is not met by a pending request for travel documents, alone. *See, e.g., Johnson v. Young,* No. 12-cv-2339, 2013 U.S. Dist. LEXIS 53326, 2013 WL 1571938, at *2 (W.D. La. Feb.

11, 2013) (finding argument that Jamaican consulate had not yet refused to issue travel documents insufficient to meet the government's burden), report and recommendation adopted, 2013 U.S. Dist. LEXIS 53313, 2013 WL 1571272 (Apr. 12, 2013); *Fermine v. Dir. of Immigr. & Customs Enf't*, No. 06-cv-1578, 2007 U.S. Dist. LEXIS 61516, 2007 WL 2284606, at *4 (W.D. La. May 23, 2007) (finding no significant likelihood of removal in the reasonably foreseeable future where ICE was continuing efforts to obtain a travel document and Trinidad had not yet refused the request); *see also Yaro v. Mukasey,* No. 5:08-cv-593-XR, 2008 U.S. Dist. LEXIS 88936, 2008 WL 4816657, at *3 (W.D. Tex. Oct. 30, 2008) (finding petitioner's removal likely in the foreseeable future where Malian embassy had not refused to issue travel documents or failed to respond to ICE, but instead acknowledged receipt of application and provided general timeline for investigation and decision). The undersigned finds these decisions persuasive—Respondents cannot carry their burden with the outstanding requests alone.

Moreover, the longer a request for travel documents remains pending without any action by the foreign government, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *See Zadvydas*, 533 U.S. at 701; *see also Young*, 2013 U.S. Dist. LEXIS 53326, 2013 WL 1571938, at *1-2 (finding removal not reasonably foreseeable where travel document request was pending for nine

months); *Fermine*, 2007 U.S. Dist. LEXIS 61516, 2007 WL 2284606, at *4 (same, fifteen months).

The Government has provided no evidence or documentation proving that the ERO has applied to three alternate countries for Petitioner's removal. The Court finds that the Government's actions demonstrate that removal remains entirely contingent on the discretionary acceptance of a third country that has not agreed to receive Petitioner. The Petitioner contends, and this Court agrees that more than a year of unsuccessful efforts constitutes good reason to believe removal is not significantly likely in the reasonably foreseeable future.

Under the circumstances of this case, the Court concludes that habeas relief is proper and *Zadvydas* requires Petitioner's release from his unlawful detention. The Court finds no need to address any claim or challenge not addressed herein.

## III. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the petition be **GRANTED** and Petitioner be **RELEASED**, subject to supervision under regulations prescribed by the Attorney General."[1]

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file

[1] 8 U.S.C. 1231(a)(3).

written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 12th day of August, 2026.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**